IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

EDDIE GILMER                                                                                              PETITIONER

VS.                                                                     CIVIL ACTION NO.  3:10cv248-DPJ-FKB

CHRISTOPHER EPPS                                                                                  RESPONDENT

**REPORT AND RECOMMENDATION**

This is an action for federal habeas relief pursuant to 28 U.S.C. § 2254.  Eddie Gilmer was convicted in the Circuit Court of Madison County, Mississippi of five counts of violating Mississippi's "video voyeur" statute.  He was sentenced to a term of five years on each count, the terms to run consecutively, with the last five years suspended on two counts and with Gilmer to be released on five years of supervised probation.  The Mississippi Supreme Court affirmed Gilmer's convictions and sentences on May 10, 2007, and the United States Supreme Court denied petition for a writ of certiorari on January 22, 2008.  He filed his § 2254 petition with this Court on April 30, 2010.  Presently before the Court is the motion of Respondent pursuant to 28 U.S.C. § 2244(d) seeking dismissal of the petition as untimely.  Having considered the motion, Gilmer's response, and the State's reply, the undersigned recommends that the motion be granted and the petition dismissed with prejudice.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under § 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Petitioner's conviction became final on January 22, 2008, the date the Supreme Court denied his petition for a writ of certiorari. He had one year from that date, or until January 22, 2009, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed application for post-conviction relief (PCR) was pending in the state court. He failed to file a PCR application during the one-year period. Thus, his one year expired on January 22, 2009, and his habeas petition is untimely.

Gilmer's argument in response to the motion focuses on the oft-noted incongruity between the state's three-year limitations period for the filing of PCR applications, Miss. Code Ann. § 99-39-5(2), and the one-year federal limitations period. The resulting situation is that even though a state prisoner has three years under Mississippi law in

which to file his PCR application, his right to federal habeas review will ordinarily be forfeited unless he files his state application within one year.  Gilmer contends that application of § 2244(d) to disallow tolling during Mississippi's three-year pre-filing period amounts to an unconstitutional suspension of the writ of habeas corpus. The argument that the one-year limitations period violates the Suspension Clause was considered and rejected by the Fifth Circuit in *Turner v. Johnson*, 177 F.3d 390 (5th Cir. 1999); *see also Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000).

Gilmer also states in his response that his former attorneys did not inform him of the one-year limitations period and that he was otherwise unaware of it.  To the extent that Gilmer is raising an argument for equitable tolling on this basis, that argument likewise fails.   "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010). Ignorance of the law and attorney error do not constitute "extraordinary circumstances" warranting equitable tolling.  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (attorney error insufficient, particularly in post-conviction context, where prisoners have no constitutional right to counsel);  *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (citing numerous circumstances, such as ignorance of the law and lack of knowledge of filing deadlines, as insufficient to toll statute).

For these reasons, the undersigned recommends that the motion to dismiss be granted and the petition dismissed with prejudice.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and

recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 29th day of November, 2010.

/s/ F. Keith Ball<br>
UNITED STATES MAGISTRATE JUDGE